```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW HAMPSHIRE
```

Richard M. Merrick, MD

    v.                                                    Civil No. 10-cv-55-SM

Littleton Regional Hospital,
Warren West, and Linda Gilmore


**O R D E R**

Plaintiff Richard Merrick moves the court to partially reconsider its Order of March 23, 2011, doc. no. 30.

Merrick's motion appears to seek reconsideration of two aspects of the court's Order.  First, Merrick argues:

> To provide a fair comparison of the way in which the defendants treated Dr. Merrick, it is absolutely essential that the Hospital produce similar complaints (including statements of concern by doctors, nurses, staff and patients) about the performance of other physicians in the Emergency Department.  To the extent the March 23 Order does not allow for the disclosure of this type of information, Dr. Merrick asks for reconsideration.

Pl.'s Mem. of Law (doc. no. 32-1), at 3.)  In its previous Order, the court said that "Merrick is entitled to a list of all complaints against the Hospital's emergency-department physicians lodged over the last five years" and that "[h]e is further entitled to the initial complaint in each of those cases."  (Emphasis added.)  Thus, it is difficult to see what

Merrick is asking for that has not already been granted to him. If he is asking for statements made during the course of the Hospital's investigation of those complaints, those statements qualify as "[r]ecords of a hospital committee organized to evaluate matters relating to the care and treatment of patients," N.H. Rev. Stat. Ann. ("RSA") § 151:13-a, II, and, as a consequence, those statements are protected by the quality assurance privilege.[1]

    Merrick also asks the court to reconsider the portion of its Order that allows the Hospital, in the first instance, to determine which complaints against other physicians are sufficiently similar to the complaints against Merrick to make the hospital's ultimate disposition of those complaints relevant and, as a result, discoverable. The court presumes that the Hospital will make those determinations reasonably and, if anything, will err on the side of overly broad disclosure rather

---

[1] In the statute establishing the quality assurance privilege, the term

> "records" means records of interviews and all reports, statements, minutes, memoranda, charts, statistics, and other documentation generated during the activities of a quality assurance committee. Records shall not mean original hospital medical records or other records kept relative to any patient in the course of the business of operating a hospital.

RSA 151:13-a, I. Here, the Hospital has adequately demonstrated that its complaint-management process is a part of its quality assurance program. See Defs. Obj., Ex. A (doc. no. 15-2).

2

than overly narrow disclosure.  But, in any event, the court has ruled that Merrick is entitled to a list of all complaints from the last five years, and to the initial complaint in each of those cases.  Thus, Merrick will be provided with all the information he needs to determine whether the dispositional information the hospital is obligated to provide is adequate.  If, after the Hospital provides the information described in the March 21 Order, Merrick believes the Hospital has failed to provide dispositional information for a case that was sufficiently similar to his own to be relevant, he can move the court to compel the Hospital to produce that information.

For the reasons given, Merrick's motion for partial reconsideration (doc. no. 32) is denied.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date:  March 25, 2011

cc:  Edward M. Kaplan, Esq.
     David W. McGrath, Esq.
     David P. Slawsky, Esq.